UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**KIMBERLY BABB et al.**                                                                                                **PLAINTIFFS**

**v.**                                                                                       **CIVIL ACTION NO. 5:24-cv-166-BJB**

**CHRISTIAN HEIGHTS NURSING HOME et al.**                                                 **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Kimberly Babb, proceeding *pro se*, brings this employment-discrimination lawsuit against Christian Heights Nursing Home and Rehabilitation, where she was employed; Director of Nursing Crystal Angelly; Supervisor Jatesia Leavell; Administrator Tyler Rummage; and Bianca Frances.  DN 1, PageID #: 2-3.  Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint.  *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).  As set forth below, the Court allows some claims to continue and authorizes Plaintiff to amend others.

### 1. STATEMENT OF CLAIMS

Plaintiff alleges that she was discriminated and retaliated against by Defendants based on her race, color, age, and disabilities in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA).  DN 1, PageID #: 4.  She states that between August and December 2023 Defendants terminated her employment, failed to accommodate her disability, applied unequal terms and conditions of employment, and retaliated against her based on her race (which she doesn't specify) and the "color of her skin."  *Id*. at PageID #: 5.  She identifies her birth year as 1968 and her disabilities as "Knee, Back, PTSD, Depression [and] Anxiety."  *Id*.  Plaintiff

alleges that Defendant Angelly "verbally abused me and talked down in front of everyone." *Id*. at PageID #: 6. She further alleges that she "went to [Defendant Leavell] about all of it and she never did anything about it. They took money from me and refused to give it back. I was assigned additional work while my white counterparts were not." *Id*. She states that she filed a charge with the Equal Employment Opportunity Commission (EEOC) and indicates that she received a notice of her right to sue from the EEOC within 90 days of filing her complaint. *Id*.

As relief, Plaintiff seeks compensation for pain and suffering, humiliation, and the loss of her car and reputation. *Id*. at PageID #: 7. She states, "I got behind on my bills and never caught up," requiring her to move. She states that the repossession of her car caused her to incur expense in transporting her child to school; that her health declined from overwork; and that "the amount of hours I was working resulted in me losing my disability status." *Id*.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the Complaint. *See* § 1915(e)(2); *McGore*, 114 F.3d at 608-09. A case must be dismissed if it is "frivolous or malicious," fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff isn't obligated to establish all elements of a *prima facie* case of her federal employment discrimination claims at this stage, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002), and on initial review the Court requires only a short and plain statement of these claims, *see Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012) ("[S]o long as a complaint

provides an adequate factual basis for a Title VII discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)."); *Primm v. Dep't of Human Servs.*, No. 16-6837, 2017 WL 10646487, at *2 (6th Cir. Aug. 17, 2017) (courts should not impose a heightened pleading standard of specific facts to support *prima facie* Title VII case); *Russell v. AAA Limo*, No. 215CV02455JPMTMP, 2016 WL 874770, at *4 (W.D. Tenn. Feb. 17, 2016) ("ADEA plaintiffs must only satisfy the simple pleading requirements of Federal Rule of Civil Procedure 8(a)(2)"), *report and recommendation adopted*, No. 2:15-cv-2455-JPM-TMP, 2016 WL 879340 (W.D. Tenn. Mar. 7, 2016); *Wallace v. Edward W. Sparrow Hosp. Ass'n*, 782 F. App'x 395, 404 (6th Cir. 2019) (an ADA plaintiff's pleading burden is not onerous at this stage).

### III. ANALYSIS

#### A. Claims Against Individual Defendants

Plaintiff alleges that the individual Defendants were her coworkers or supervisors, not her employers. Because an employee's claims under Title VII, the ADEA, and the ADA may only be brought against the employer, the Court dismisses Plaintiff's claims against the individual Defendants. *See, e.g.*, *Hunt v. Wood Pers. Servs.*, No. 3:20-cv-00053, 2020 WL 1170277, at *3 (M.D. Tenn. Mar. 11, 2020) ("Title VII claims are properly brought against employers, and they 'can only proceed against individuals who otherwise qualify as employers.'") (quoting *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000)); *Hawkins v. Am. Commercial Inc.*, No. 3:08-cv-547-S, 2009 WL 1852612, at *2 (W.D. Ky. June 26, 2009) ("Individual employees may not be held personally liable under the ADEA.") (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *Ford v. Tenn. Human Rights Comm'n*, No. 99–5415, 2000 WL 125903, at *1 (6th Cir. Jan. 28, 2000)); *Gamble v. Sitel Operating Corp.*, No. 15-2789, 2015 WL 13745085, at *4 (W.D. Tenn. Dec. 17, 2015) ("There is no remedy under Title VII or under the ADA

against a co-worker or supervisor in his or her individual capacity.") (citations omitted), *report and recommendation adopted*, No. 15-cv-2789-SHL-DKV, 2016 WL 1573004 (W.D. Tenn. Apr. 19, 2016).

### B. Claims Against Christian Heights

*1. Title VII*

According to Plaintiff, Christian Heights terminated her employment, applied unequal terms and conditions of employment, and retaliated against her. DN 1, PageID #: 5. On the Court's *pro se* complaint form, she asserted that she faced discrimination based on her "Race [and] Color of skin." *Id*. She states that when she "went to [Defendant Leavell] about all of it[,] she never did anything about it. They took money from me and refused to give it back. I was assigned additional work while my white counterparts were not." *Id*. at PageID #: 6.

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Liberally construing the factual allegations set forth above and taking them as true, as required, the Court concludes that Plaintiff has stated plausible Title VII discrimination claims against Christian Heights sufficient to survive initial review.

Title VII also makes it unlawful to retaliate against employees for engaging in protected conduct. 42 U.S.C. § 2000e-3(a). A *prima facie* Title VII retaliation claim requires proof that (1) plaintiff engaged in activity protected by Title VII; (2) defendant knew about this exercise of protected rights; (3) defendant "took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor;" and (4) "there was a causal connection between the protected activity and the adverse employment

action or harassment." *Morris v. Oldham Cnty. Fiscal Ct.*, 201 F.3d 784, 792 (6th Cir. 2000) (emphasis and citation omitted). Protected conduct includes opposing any practice made unlawful by Title VII. § 2000e-3(a).

A generous reading of her complaint suggests Plaintiff believes that Christian Heights retaliated against her based on her report of mistreatment to Defendant Leavell. After that, she says, "They took money from [her]," and assigned her more work—without assigning more to her white counterparts. Plaintiff's statement that she went to Defendant Leavell "about all of it" suggests, at least at this stage, that she complained about racial discrimination, which would amount to protected conduct under Title VII. § 2000e-3(a). Plaintiff's Title VII retaliation claims may also proceed against Christian Heights.

### 2. ADEA

Plaintiff, born in 1968, was over 40 when the alleged discriminatory acts of termination, unequal treatment, and conditions of employment occurred. *See* DN 1, PageID #: 5.

The ADEA "prohibits an employer from 'discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Russell v. AAA Limo*, No. 2:15-cv-02455-JPM-tmp, 2016 WL 874770, at *4 (W.D. Tenn. Feb. 17, 2016) (quoting 29 U.S.C. § 623(a)(1)). These prohibitions apply to "individuals who are at least 40 years of age." 29 U.S.C. § 631(a).

A plaintiff without direct evidence of age discrimination can establish a *prima facie* case of discrimination in violation of the ADEA by showing that: 1) he or she was at least forty years old at the time of the alleged discriminatory act; 2) he or she was qualified for the position; 3) he or she was subjected to an adverse employment action; and 4) "similarly situated non-protected

employees were treated more favorably," or, in the case of termination or rejection, a substantially younger candidate was given the job. *Sperber v. Nicholson*, 342 F. App'x 131, 132 (6th Cir. 2009) (internal quotation marks and citation omitted). Even though ADEA plaintiffs need not establish all elements of a *prima facie* case of age discrimination on initial review, here Plaintiff's Complaint fails to make *any* reference to age-based discrimination other than providing her birth year.

Under Federal Rule of Civil Procedure 15(a), however, "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to" screening under § 1915(e)(2). *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will provide Plaintiff the opportunity to amend her Complaint to set forth her ADEA claim against Christian Heights so she can specify whether and why her allegations are consistent with the four elements of an ADEA claim as set out above. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

### 3. ADA

Plaintiff alleges that Christian Heights failed to accommodate her disabilities and discriminated against her because of her disability or perceived disability. DN 1, PageID #: 5. She states that she suffers from PTSD, depression, anxiety, and knee and back problems. *Id*. She also states that because she was overworked, her health declined and she lost her disability status. *Id*. at PageID #: 7.

The ADA protects against discrimination based on disability. 42 U.S.C. § 12112(a); *Lowe v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, 610 F.3d 321, 325 (6th Cir. 2010) ("Title I of the [ADA] . . . prohibits certain employers from discriminating on the basis of disability.")

(citing 42 U.S.C. §§ 12111–12117).  The ADA defines the term "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))."  42 U.S.C. § 12102(1).  Whether a person has a disability is an individualized inquiry.  *Lane v. Bell Cnty. Bd. of Educ.*, 72 F. App'x 389, 395 (6th Cir. 2003).  "PTSD," for example, "*can* be a disability under the ADA, but is not always."  *Tomlinson v. Krauss-Maffei Corp.*, No. 2:19-cv-69 (WOB), 2021 WL 5830017, at *4 (E.D. Ky. Dec. 8, 2021).  The same is true for anxiety and depression.  *Williams v. AT&T Mobility Servs.*, LLC, 186 F. Supp. 3d 816, 823 (W.D. Tenn. 2016) (noting that depression and anxiety can be cognizable mental impairments under the ADA).  Similarly, Plaintiff's knee and back conditions could conceivably qualify as a disability under the ADA—though the Complaint doesn't describe the alleged conditions with any detail.  *See, e.g.*, *Szalay v. Yellow Freight Sys., Inc.*, 998 F. Supp. 799, 802 (N.D. Ohio 1996) (because the plaintiff's knee injury negatively affected his ability to bend and climb, the district court determined that it was a physical impairment as defined by EEOC regulations); *Burns v. Coca-Cola Enters., Inc.*, 222 F.3d 247, 256 (6th Cir. 2000) ("[T]he district court did not err in concluding that Burns was disabled because his back injury precluded him from performing at least 50% of the jobs previously available to him.").

Discrimination under the ADA includes a failure to make "reasonable accommodations" for known disabilities.  42 U.S.C. § 12112(b)(5)(A).  A *prima facie* claim of failure to accommodate requires a plaintiff to plead: "(1) she was disabled within the meaning of the ADA; (2) she was otherwise qualified for her position, with or without reasonable accommodation; (3) [her employer] knew or had reason to know about her disability; (4) she requested an accommodation; and (5) [her employer] failed to provide the necessary accommodation."

*Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 839 (6th Cir. 2018) (citing *Deister v. Auto Club Ins. Ass'n*, 647 F. App'x 652, 657 (6th Cir. 2016)).

Without direct evidence of disability discrimination, Plaintiff may establish a *prima facie* ADA claim that her termination amounted to unlawful discrimination by showing: "(1) she was 'disabled' under the ADA; (2) she was otherwise qualified to perform the [job's] essential functions . . ., with or without reasonable accommodations; (3) she suffered an adverse employment action; (4) [Christian Heights] knew or had reason to know of [her] disability; and (5) a nondisabled person replaced her." *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 553 (6th Cir. 2008).

Here, even assuming that Plaintiff alleges a disability within the meaning of the ADA, she fails to allege that she could perform the job with or without accommodations; that Christian Heights was aware of her disability; that she asked for accommodation; that she was otherwise qualified for her job; that she was terminated because of her disability; or who replaced her at that job. The Court, however, will provide Plaintiff with the opportunity to amend her complaint to set forth her ADA claim against Christian Heights with greater specificity to meet Rule 8(a)'s notice-pleading requirement. *See LaFountain*, 716 F.3d at 951.

### IV. CONCLUSION AND ORDER

On preliminary review, Plaintiff's claims against Defendants Crystal Angelly, Jatesia Leavell, Tyler Rummage, and Bianca Frances are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim on which relief may be granted. Plaintiff's suit will proceed against Defendant Christian Heights Nursing Home and Rehabilitation.

The Court **DIRECTS** the Clerk to terminate Crystal Angelly, Jatesia Leavell, Tyler Rummage, and Bianca Frances as parties to this action.

The Court **ORDERS** that Plaintiff may file an amended complaint to provide more specific allegations in support of her ADEA and ADA claims **within 30 days** of entry of this Memorandum Opinion and Order.

The Court instructs the Clerk to place this case number and "Amended" on a complaint form for employment discrimination and send it to Plaintiff for her use should she wish to file an amended complaint.

Once Plaintiff has filed her amended Complaint or the 30-day period to do so has passed, the Court will enter an Order for service of process on Christian Heights by the U.S. Marshals Service.

Date: June 9, 2025

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
B213.009