UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

KIMBERLY BABB et al.                                                    PLAINTIFFS

v.                                                CIVIL ACTION NO. 5:24-cv-166-BJB

CHRISTIAN HEIGHTS NURSING HOME et al.                          DEFENDANTS

<u>**MEMORANDUM AND ORDER**</u>

On initial review of *pro se* Plaintiff Kimberly Babb's complaint under 28 U.S.C.

§ 1915(e)(2), the Court determined that Babb's discrimination and retaliation claims under Title

VII of the Civil Rights Act of 1964 against her employer, Defendant Christian Heights Nursing

Home and Rehabilitation, would continue. DN 14. Given the complaint's failure to allege facts

showing liability under the Age Discrimination in Employment Act of 1967 (ADEA) and

Americans with Disabilities Act of 1990 (ADA), however, the Court ruled that more specific

allegations were necessary for those claims to proceed and provided Babb an opportunity to file

an amended complaint. *Id*. at PageID #: 87. She has filed an amended complaint, DN 17,[1] but it

adds no new information except her race, which Babb states is "African American," and her

color, "Black." *Id*. at PageID #: 94–95. While potentially relevant to her Title VII

discrimination and retaliation claims, the Court already ruled that those would continue. DN 14

at PageID #: 83. Because the complaint, even as amended and read generously, lacks factual

allegations that would establish ADEA and ADA liability if proven true, the Court dismisses

those claims under § 1915(e)(2).

As to the ADEA, the Court previously explained that plaintiffs need to allege *some* facts

that would tend to show direct or indirect age discrimination—even though they don't have to

---

[1] The Court cites to the amended complaint at DN 17 but notes that a duplicate of the amended complaint was docketed a few days later at DN 18.

establish all elements of their case to survive initial review.  Memorandum Opinion and Order at PageID #: 83–84.  Neither Babb's original nor her amended complaint refer to any age-based discrimination; they just allege that she was older than forty.[2]  And the Court already ruled that her age alone was insufficient to state a claim.  *See* DN 14 at PageID #: 84.  True, ADEA plaintiffs needn't prove every element or establish a "prima facie case" to survive *pro se* screening or a motion to dismiss.  *See Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008) (ADEA claims are subject to *McDonnell Douglas* burden shifting); *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (prima facie case under *McDonnell Douglas* not necessary at motion-to-dismiss stage).    But these claims must still meet a "plausibility" standard and "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that age discrimination has occurred. *Keys*, 684 F.3d at 610 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009)).  Because Babb has added no new information related to her ADEA claim, the only such factual allegation is her age—meaning Babb has failed to state a plausible claim under the ADEA, despite the opportunity to amend.

Similarly, Babb's amended complaint provides no additional information about her ADA claim.  As the Court previously explained, assuming that Babb's alleged PTSD, depression, anxiety, and knee and back problems are disabilities within the meaning of the ADA, she has still failed to allege any facts that, if proven true, would show that the employer failed to accommodate any disability or took adverse action because of it.  She still hasn't alleged, for example, whether she could perform the job with or without accommodations; whether Christian Heights was aware of her disability; whether she asked for accommodation or was otherwise

---

[2] The protections of the ADEA apply to employees older than forty.  *See* 29 U.S.C. § 631(a).

qualified for her job; whether she was terminated because of her disability; and who replaced her at that job. DN 14 at PageID #: 86. Without any such allegations, Babb fails to state a claim under the ADA.

Accordingly, the Court **DISMISSES** Plaintiff's ADEA and ADA claims under 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim on which relief may be granted. Plaintiff's Title VII claims for discrimination and retaliation will continue against Christian Heights Nursing Home and Rehabilitation, the sole remaining Defendant.

The Court **ORDERS**:

(1) the Clerk of Court **shall issue the summons for Christian Heights Nursing and Rehabilitation and effect service of process** on Defendant by way of the U.S. Marshals Service in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(c)(3).

(2) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service, if required. *See* FED. R. CIV. P. 5.

(3) Plaintiff must provide written notice of any change of address to the Clerk of Court and to Defendant's counsel. *See* W.D. KY. LOCAL R. 5.3(e).

(4) Plaintiff's failure to notify the Clerk of any address change or failure to comply with this or any subsequent Order of the Court may result in a dismissal of this case.

(5) The Court **REFERS** this matter to Magistrate Judge Lanny King under 28 U.S.C. § 636(b)(1)(A) for resolution of all litigation-planning issues, entry of scheduling orders, consideration of any scheduling amendments, and resolution of all nondispositive matters, including discovery issues. The Court further authorizes Judge King to conduct one or more settlement conferences in this matter.

(6) The Court **DIRECTS** the Clerk to send to Plaintiff a copy of the *Pro Se* Handbook.

Date:

cc:     Plaintiff, *pro se*
        Defendant Christian Heights Nursing Home and Rehabilitation
        Magistrate Judge King
B213.009